Sukhjinder SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73442.

Agency No. A75–319–518.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.[*]

Decided Sept. 18, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM **

Sukhjinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation, and denying his motion to remand to apply for relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence. *See Lal v. INS*, 255 F.3d 998, 1001 (9th Cir.2001). We grant the petition and remand.

■ Taking Singh's testimony as true, as the BIA did, we find that the record compels the conclusion that Singh was persecuted on account of an imputed political opinion. *See Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir.1995). Singh testified that the police arrested, beat and detained him for several days on two occasions because of his aid to militants and to obtain the names and whereabouts of the militants and the whereabouts of Singh's uncle, a Sikh political activist. The police again arrested, beat and detained Singh for several days on a third occasion for giving aid to the All India Sikh Student Federation ("AISSF").

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Singh further testified that he was never formally charged, nor brought before a magistrate or judge on any of the occasions he was arrested. *See Blanco–Lopez v. INS,* 858 F.2d 531, 534 (9th Cir.1988) (where petitioner mistreated by the police is not the target of a legitimate criminal prosecution, he is entitled to a presumption that the government's actions were politically-motivated). The country conditions report upon which the BIA relies notes that by mid–1993, there were few if any terrorist groups still operating in the Punjab. The BIA's assumption that the police were acting in furtherance of the legitimate goal of eliminating terrorism is therefore not supported by substantial evidence.

█ Because Singh established past persecution on account of an imputed political opinion, he is entitled to a presumption of a well-founded fear of future persecution, and the government's evidence fails to rebut that presumption. *See Kataria v. INS,* 232 F.3d 1107, 1115 (9th Cir.2000). Although the 1996 country conditions report describes the level of violence as "lower" and the 1997 addendum states there was improvement in the situation in the Punjab, there were still unexplained bombings, and murders of Sikh activists, for which policemen were on trial. The report also notes that the investigation of deaths at the hands of the police has at best been a slow process and custodial abuse and other police abuses remain a significant problem.

PETITION GRANTED and REMANDED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.